**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tanya Renea Youness, | Civ. No. 17-4108 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

James H. Greeman, Esq., Greeman Toomey, counsel for Plaintiff.

Linda H. Green, Esq. Social Security Administration, and Pamela Marentette, Esq., United States Attorney's Office, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

On September 1, 2017, Plaintiff Tanya Renea Youness sought judicial review of the denial of her application for social security disability benefits. (Doc. No. 1.) On June 5, 2018, the Court granted in part Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and ordered this case remanded pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with the May 18, 2018 Report and Recommendation from the undersigned. (Doc. No. 21, 6/5/18 Order.) Now before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act. (Doc. No. 23, Pl.'s Mot for Atty's Fees ("Pl.'s Mot.").) Plaintiff requests compensation in the amount of $8,682.75. (*Id.*) For the reasons set forth below, Plaintiff's

motion is granted in part and denied in part. The Court finds that Plaintiff is entitled to an award of EAJA fees of $8,452.41, therefore reducing the requested amount by $230.34.

## DISCUSSION

### A. Equal Access to Justice Act Requirements

Under the EAJA, a prevailing party in an action for judicial review of agency action is entitled to an award of fees and expenses, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable. *Dini v. Astrue*, No. 08-5852 (DSD/JJG), 2010 WL 153681, at *3 (D. Minn. Jan. 11, 2010) ("[F]ees and other expenses includes . . . reasonable attorney fees . . . based on prevailing market rates for the kind and quality of the services furnished . . . ") (quoting 28 U.S.C. § 2412(d)(2)(A)) (internal quotations omitted).

To receive a fee award under the EAJA, the applicant must "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing party" under the EAJA. *See McGrath v. Astrue*, Civil No. 10–4192 (ADM/SER), 2012 WL 4898276, at *2 (D. Minn. Oct. 1, 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993)). An applicant is "eligible to receive" an EAJA award if his or her net worth did not exceed $2,000,000 at the time the civil action was filed. *See S.E.C. v. Zahreas*, 374 F.3d 624, 630 (8th Cir. 2004). The application must also state "the amount sought, including an itemized statement from any attorney or expert witness representing

or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

Plaintiff's petition satisfies the facial requirements set forth in § 2412(d)(1)(B). In response, Defendant does not object to Plaintiff's attorneys receiving EAJA fees, but to the amount requested. (Doc. No. 30, Def.'s Opp'n to Pl.'s Counsel's Mot. for Att'y Fees ("Def.'s Opp.") 2–7.) Thus, Defendant concedes that its position in this litigation was not substantially justified. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1008 (E.D. Ark. 2011) (noting that "the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act," and then foregoing a discussion of the standard for substantial justification). Further, Defendant does not object to applying the standard hourly rate of $191.24 per hour[1] for Plaintiff's two attorneys, but Defendant does object to attorney Mr. Greeman (the managing partner of Greeman Toomey, PLLC) applying more than that ($275.00 per hour) based on his expertise, and also objects to a certain amount of hours accounted for by both attorneys as unnecessary and duplicative. (*See* Def.'s Opp. 4–7.)

---

[1] The Court agrees that this amount was reasonably calculated based on the Bureau of Labor Statistics Consumer Price Index ("CPI"). (*See* Doc. No. 27, Exhibit); *Hickey v. Secretary of HHS*, 923 F.3d 585, 586 (8th Cir. 1991) (stating that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies" an increased attorney's fees award) (quoting *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)).

### B. Plaintiff's Counsel is Entitled to an EAJA Award

Plaintiff requests an award for 2.75 hours of work performed by attorney James H. Greeman at a rate of $275.00 per hour, and 41.5 hours of work performed by attorney Dori H. Leland at a rate of $191.00[2] per hour. (*See* Doc. No. 24, Pl.'s Mem. of Law in Supp. of Pl.'s Mot. ("Pl.'s Mem.") 4; *see also* Doc. No. 25, Decl. of James H. Greeman; Doc. No. 26, Decl. of Dori H. Leland.)

Defendant argues that the Court should not award Mr. Greeman $275.00 per hour, but instead should apply at most the standard adjusted rate of $191.24. Defendant argues that Mr. Greeman's experience alone does not provide a unique reason for a boost in the standard rate. The Court finds that the increase in the cost of living justifies a corresponding increase in the hourly rate in this case; however, there are no special factors in this case that warrant a further increase of the hourly rate beyond the standard inflationary adjustment. In requesting an increase in the hourly rate, Plaintiff bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 898 (1984)). Although Plaintiff's counsel Mr. Greeman submitted his own affidavit stating some of his personal qualifications, he submitted nothing else other than the CPI to support an increase in the hourly attorney rate for him. Thus, the Court finds that Plaintiff's counsel has not

---

[2] Because Plaintiff agreed to the $191.00 rate for Ms. Leland, the Court does not adjust this rate up further to the standard adjusted rate of $191.24.

provided satisfactory evidence to support his request for a rate increase above the standard adjusted hourly rate. Therefore, the fee for Mr. Greeman's work should be calculated using the hourly rate of $191.24.

Defendant also argues that either Mr. Greeman's 1.5 hours for reviewing and revising Plaintiff's brief, or Ms. Leland's 2 hours for revising, completing, and reviewing the brief, should be subtracted from the total, because the review by both would be unnecessary and duplicative. This Court disagrees. Having a more senior lawyer review and revise a brief drafted by a more junior lawyer not only is commonplace but is expected. This was not unnecessary, duplicative, or wasted time. The 1.5 – 2 hours of time billed by the attorneys for review and revisions are reasonable and may be awarded to counsel. *See* 28 U.S.C. § 2412(b).

Finally, Defendant argues that the total time for reimbursement for Ms. Leland's billing hours should be reduced to no more than twenty-five hours because "they are excessive for the work performed" and "this case did not reasonably require the time claimed by counsel." (Def.'s Opp. 5, 6.) Defendant claims that 41.5 hours for researching and writing an 18-page brief is excessive, especially when only seven pages were spent on her legal analysis and "[n]one of the points of error were novel." (*Id.* at 5.) The Court has reviewed the itemized time records for the work performed in this case and finds that the hours billed, and the legal work performed, are not excessive or unreasonable. Courts routinely grant motions requesting reimbursement for a similar amount of hours. *See, e.g.*, *Thielke v. Colvin*, No. 11-CV-3538 (SRN/LIB), 2013 WL 4501472 (D. Minn. Aug. 22, 2013) (approximately 44 hours); *McGrath v. Astrue*, Civil No. 10-4192 (ADM/SER),

2012 WL 4898276 (D. Minn. Oct. 1, 2012), *adopted by*, 2012 WL 4903288 (D. Minn. Oct. 16, 2012) (approximately 40 hours); *Stoops v. Astrue*, Civil No. 08-221 (ADM/SRN), 2009 WL 2382543 (D. Minn. Jul. 10, 2009) (approximately 45 hours). Contrary to the Commissioner's assertions, the record does not suggest that Ms. Leland spent an unreasonable amount of time studying, writing, and revising the brief. "A lawyer should be commended, not criticized, because [he] seeks to improve [his] work product by making revisions to [his] initial draft. This is an essential element of a lawyer's craft." *Kromer v. Astrue*, No. 08-5181 (PAM/AJB), 2009 WL 3152039, at *3 n.6 (D. Minn. Sept. 24, 2009).

## ORDER

Based on the foregoing, and all the files, records, and submissions herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act. (Doc. No. 23) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff's counsel is entitled to a total EAJA award of $8,452.41 (i.e., Mr. Greeman is awarded 2.75 hours at $191.24, or $525.91; and Ms. Leland is awarded 41.5 hours at $191.00, or $7,926.50).


Date: September 5, 2018

                                            *s/ Becky R. Thorson*_____
                                            BECKY R. THORSON
                                            United States Magistrate Judge